UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES

                NOT FOR PUBLICATION

       v.

                **MEMORANDUM & ORDER**
                10-CR-671(S-1) (KAM)

KUO CHEN,[1]

    Defendant.
----------------------------------------X

**MATSUMOTO, United States District Judge**:

      Defendant Kuo Chen ("defendant" or "Chen") is charged by a December 30, 2010 Superseding Indictment with one count of conspiring to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, and one count of attempting to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in violation of 18 U.S.C. §§ 1951(a)[2] and 3551[3] et seq. (See ECF[4] No. 47, Superseding Sealed Indictment[5]

---

[1] The government filed a motion dated January 20, 2011, requesting that the name of the defendant be corrected from "Chen Kuo" to "Kuo Chen." (See ECF No. 78, Letter Motion to Amend/Correct Caption.) The court granted the motion by order dated January 20, 2011. (See ECF Order dated 1/20/2011.)

[2] 18 U.S.C. § 1951(a) provides, in part, that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by . . . extortion or attempts or conspires so to do" shall be guilty of a crime. Subsection (b) defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."

[3] 18 U.S.C. §§ 3551 et seq. generally provide penalties for offenses described in any federal statute.

[4] All citations are to docket 10-cr-671 unless otherwise noted.

1

("Ind't").) Trial as to Chen is scheduled to commence on January 24, 2011. Now before the court is defendant's first motion <u>in limine</u> seeking to preclude the government from offering into evidence two photographs and a video recording of a victim in this case, De Mao Huang (referenced in the motion as "John Doe #1"), taken after he was assaulted on June 21, 2010. (<u>See</u> ECF No. 64, Defendant's First Motion in Limine to Preclude Evidence ("Mot.") at 1.[6]) In its opposition to defendant's motion, the government states that "it will not seek to introduce the referenced video recording" into evidence. (ECF No. 70, Memorandum in Opposition to First Motion to Preclude Evidence ("Opp'n").) Consequently, the court does not determine the admissibility of the video recording. Having reviewed the parties' submissions and the two photographs at issue, the court denies defendant's motion <u>in limine</u>.

## **BACKGROUND**

The court assumes that the parties are familiar with the allegations and procedural history of this case.[7] In

---

[5] The superseding indictment was unsealed by order dated January 7, 2011 (<u>see</u> ECF No. 49, Order to Unseal Indictment), and the defendant was arraigned on the indictment on January 10, 2011 (<u>see</u> ECF Minute Entry dated 1/10/2011).

[6] As the defendant's First Motion in Limine to Preclude Evidence is not paginated, the court refers to the pages assigned by the Electronic Case Filing System ("ECF").

[7] The allegations are set out in the Complaint (<u>see</u> ECF Docket 10-mj-931, No. 1, Complaint as to Kuo Chen, No. 3, Order to Unseal Case), Superseding Indictment (<u>see</u> Ind't), and other government submissions (<u>see, e.g.</u>, ECF No. 35, First Motion in Limine).

general, the charges against defendant Chen stem from his participation in a plan to obtain the business of a competing bus service company, owned by De Mao Huang, by threatening Mr. Huang and at least one of his employees, coercing customers to switch bus services, beating Mr. Huang, and threatening to kill his family.

During a November 10, 2010, status conference, the court scheduled this case for trial, to commence on January 24, 2011. (See ECF Minute Entry dated 11/10/2010.) The court held a pretrial conference on January 14, 2011, during which counsel for Chen made an oral application to preclude the government from offering at trial certain evidence produced during discovery. (See ECF Minute Entry dated 1/14/2011.) The court instructed defense counsel to file any motions in limine by no later than January 18, 2011, and the government to file any responses to defendant's motions by no later than January 19, 2011. (See id.) The instant defense motion in limine was filed on January 17, 2011. (See ECF Docket; Mot.) The government filed an opposition to the defendant's motion on January 19, 2011. (See ECF Docket; Opp'n.) The court now considers all the parties' submissions.

**DISCUSSION**

**I.   Motions *In Limine***

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence.  See <u>Luce v. United States</u>, 469 U.S. 38, 40 n.2 (1984) (explaining that the motion *in limine* is used to "to exclude anticipated prejudicial evidence before the evidence is actually offered"); see also <u>Palmieri v. Defaria et al.</u>, 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." (internal quotation marks and citation omitted)); <u>Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Group et al.</u>, 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (quoting <u>Palmieri</u>, 88 F.3d at 141). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  See <u>Baxter Diagnostics, Inc. v. Novatek Med., Inc.</u>, No. 94-cv-5220, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998); <u>Nat'l Union Fire Ins. Co.</u>, 937 F. Supp. at 287.  Courts considering a motion *in limine* may reserve judgment until trial so that the motion is placed in the appropriate factual context.  See <u>Nat'l. Union Fire Ins. Co.</u>, 937 F. Supp. at 287.  Alternatively, a judge is

4

"free, in the exercise of sound judicial discretion, to alter a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Luce, 469 U.S. at 41-42.

**II.  Preclusion of Photographs and Video Recording**

Defendant Chen seeks to preclude the government from offering into evidence two color photographs[8] "taken in a hospital room" after the June 21, 2010 attack and showing Mr. Huang "strapped to a table with a neck and head brace while blood is dripping down the side of his face."  (Mot. at 1; see also Opp'n at 1.)  Defendant argues that the photographs should be precluded pursuant to Federal Rule of Evidence 403 because "the photographs . . . are of minimum [sic] relevance[,] . . . have a very small probative value when compared to the unfair prejudice to the defendant," and "are cumulative" because the government has substantial additional evidence of the injuries sustained by Mr. Huang as a result of the attack on June 21, 2010.  (Id. at 2.)

In its opposition, the government argues that it "is entitled to put on evidence that effectively communicates a narrative of events and proves the defendant's guilt."  (Opp'n

---

[8] Black-and-white copies of the two photographs were provided to the court during the pretrial conference on January 14, 2011 by defense counsel, and color copies were sent to the court by the government immediately after the conference.

5

at 1-2.)  According to the government, the photographs are relevant to "demonstrate to the jury the severity of the beating Mr. Huang sustained" and "help establish, among other things, that the defendant's actions were designed to intimidate and instill fear in Mr. Huang," as well as to "supplement, underscore, and help corroborate Mr. Huang's testimony regarding the sequence of events following the attack."  (Id. at 2.) Finally, the government argues that "the defendant has not demonstrated that the danger of unfair prejudice presented by these photographs is so substantial as to warrant preclusion under Rule 403."  (Id.)

Evidence must be "relevant" to be admissible.  Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").  The Federal Rules of Evidence define "relevant" evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "'Evidence need not be conclusive in order to be relevant.'"  United States v. Schultz, 333 F.3d 393, 416 (2d Cir. 2003) (quoting Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 927 (2d Cir. 1977)).  "'Nonconclusive evidence should still be admitted if it makes a proposition more probable than not; factors which make evidence less than conclusive affect only weight, not admissibility.'"  Schultz,

6

333 F.3d at 416 (quoting S.E.C. v. Singer, 786 F. Supp. 1158, 1166 (S.D.N.Y. 1992)).

In the instant case, the court agrees with the government that the two photographs of Mr. Huang taken after the attack on June 21, 2010 are relevant. The defendant is charged with an extortion conspiracy and attempted extortion in violation of 18 U.S.C. § 1951(a). "Extortion" is defined under 18 U.S.C. § 1951(b)(2) as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear . . . ." 18 U.S.C. § 1951(b)(2) (emphasis added). Based on this definition, the use of force or violence are elements of the charged offenses, and the two photographs depicting the injuries sustained by Mr. Huang after the June 21, 2010 attack are relevant to proving that actual force and violence were used to obtain Mr. Huang's bus service business. The photographs also serve to corroborate the expected testimony of Mr. Huang regarding the attack. Moreover, the photographs are relevant to establishing that the severity of such attack and the injuries sustained as a result involved the wrongful use of fear by the defendant to obtain Mr. Huang's bus service business. Therefore, the court finds that the photographs are relevant to establish the elements of the extortion conspiracy and attempted extortion.

Finding that the photographs are relevant, however, does not end the inquiry. Federal Rule of Evidence 403 grants a court discretion to exclude relevant evidence on the grounds of prejudice, confusion, or waste of time. The rule provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Thus, the court must decide whether the probative value of the photographs, establishing that actual force, violence and fear were used against Mr. Huang and corroborating his testimony at trial, is substantially outweighed by the "danger of unfair prejudice" or "considerations of . . . needless presentation of cumulative evidence."

Having reviewed the two color photographs of Mr. Huang at issue here, the court does not find that the depiction of the injuries is so prejudicial as to substantially outweigh their probative value. The photographs show a beaten Mr. Huang on a hospital bed, wearing a neck and head brace, with some blood dripping from his forehead and blood and/or bruises on his torso. The photographs are not so gruesome or shocking as to warrant exclusion of this highly relevant evidence pursuant to Rule 403. "Probative evidence is not inadmissible solely

because it has a tendency to upset or disturb the trier of fact." United States v. Salameh, 152 F.3d 88, 122-23 (2d Cir. 1998) (finding that it was not error to find that photographs with "graphic depictions of the corpses" of the victims of a bombing, though "disturbing" and shocking, were not inadmissible pursuant to Rule 403 given their substantial probative value).

Nor does the court find that the photographs are so cumulative that preclusion is warranted pursuant to Rule 403. Even if the government does present at trial other evidence of the June 21, 2010 attack on Mr. Huang, the two photographs at issue here illustrate the violent and forceful nature of the attack and the extent of the injuries sustained. As explained above, this is relevant to determining whether the defendant, in engaging in the attack on Mr. Huang, wrongfully used force, violence and fear to obtain Mr. Huang's bus service business. Further, the photographs serve to corroborate the other evidence of the attack, e.g. the testimony of Mr. Huang. The photographs have separate evidentiary value, and are not merely cumulative.

Therefore, the court finds that the photographs are not so prejudicial or so cumulative to substantially outweigh their probative value and warrant exclusion pursuant to Rule 403.

**CONCLUSION**

For the reasons set forth above, the defendant's first motion in limine is denied.

SO ORDERED.

Dated: January 20, 2011
      Brooklyn, New York

                                              _____/s/_____
                                              Hon. Kiyo A. Matsumoto
                                              United States District Judge