```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES
                                                    NOT FOR PUBLICATION

            v.
                                                    MEMORANDUM & ORDER
                                                    10-CR-671(S-1) (KAM)
KUO CHEN,[1]

            Defendant.
----------------------------------------X
```

**MATSUMOTO, United States District Judge**:

       Defendant Kuo Chen ("defendant" or "Chen") is charged by a December 30, 2010 Superseding Indictment with one count of conspiring to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, and one count of attempting to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in violation of 18 U.S.C. §§ 1951(a)[2] and 3551[3] et seq. (See ECF No. 47, Superseding Sealed Indictment[4]

---

[1] The government filed a motion dated January 20, 2011, requesting that the name of the defendant be corrected from "Chen Kuo" to "Kuo Chen." (See ECF No. 78, Letter Motion to Amend/Correct Caption.) The court granted the motion by order dated January 20, 2011. (See ECF Order dated 1/20/2011.)

[2] 18 U.S.C. § 1951(a) provides, in part, that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by . . . extortion or attempts or conspires so to do" shall be guilty of a crime. Subsection (b) defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."

[3] 18 U.S.C. §§ 3551 et seq. generally provide penalties for offenses described in any federal statute.

("Ind't").) Trial as to Chen is scheduled to commence on January 24, 2011. Now before the court is the government's third motion in limine seeking to admit evidence of other acts of the defendant pursuant to Federal Rule of Evidence 404(b). (See ECF No. 74, Third Motion in Limine Pursuant to Rule 404(b) ("Mot.") at 1.) Defendant did not oppose this motion. (See ECF No. 82, Letter Declining to Oppose Government Rule 404(b) Motion ("Def. Ltr").) For the reasons stated below, the court grants the government's third motion in limine.

**BACKGROUND**

The court assumes that the parties are familiar with the allegations and procedural history of this case.[5] In general, the charges against defendant Chen stem from his participation in a plan to obtain the business of a competing bus service company, owned by De Mao Huang, by threatening Mr. Huang and at least one of his employees, coercing customers to switch bus services, beating Mr. Huang, and threatening to kill his family. A death threat to Mr. Huang's family was allegedly made on July 19, 2010 at 1:04 a.m. during a call from a telephone number 845-775-0019. (See Mot. at 2.) According to

---

[4] The superseding indictment was unsealed by order dated January 7, 2011 (see ECF No. 49, Order to Unseal Indictment), and the defendant was arraigned on the indictment on January 10, 2011 (see ECF Minute Entry dated 1/10/2011).

[5] The allegations are set out in the Complaint (see ECF Docket 10-mj-931, No. 1, Complaint as to Kuo Chen, No. 3, Order to Unseal Case), Superseding Indictment (see Ind't), and other government submissions (see, e.g., Mot.).

the government, the telephone number corresponds to a prepaid telephone registered to a subscriber "SS ZZ." (Id.) The government contends that the telephone number was used by defendant Chen. (Id.)

During a November 10, 2010, status conference, the court scheduled this case for trial, to commence on January 24, 2011. (See ECF Minute Entry dated 11/10/2010.) In anticipation of trial, the government submitted the instant motion in limine on January 19, 2011. (See ECF Docket; Mot.) The court ordered the defendant to file any opposition to the third motion in limine by no later than noon on January 21, 2011. (See ECF Order dated 1/20/2011.) Defense counsel filed a letter on January 21, 2011 indicating that no opposition to the government's motion would be filed. (See Def. Ltr.) The court now considers the government's unopposed third motion in limine.

## DISCUSSION

**I. Motions In Limine**

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984) (explaining that the motion in limine is used to "to exclude anticipated prejudicial evidence before the evidence is actually offered"); see also Palmieri v. Defaria et al., 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an in

3

limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." (internal quotation marks and citation omitted)); Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Group et al., 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (quoting Palmieri, 88 F.3d at 141). Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. See Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94-cv-5220, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998); Nat'l Union Fire Ins. Co., 937 F. Supp. at 287. Courts considering a motion in limine may reserve judgment until trial so that the motion is placed in the appropriate factual context. See Nat'l. Union Fire Ins. Co., 937 F. Supp. at 287. Alternatively, a judge is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Luce, 469 U.S. at 41-42.

**II. Rule 404(b) Other Crimes, Wrongs or Acts Evidence**

The government moves to introduce evidence of other acts of the defendant pursuant to Federal Rule of Evidence 404(b). (See Mot.) Specifically, the government moves to "admit evidence concerning the defendant's effort to prevent a

4

cooperating witness, Shi Xing Dong, from testifying that the telephone from which the above-mentioned death threat was made belonged to the defendant." (Mot. at 1.) The government asserts that on January 14, 2011, while the defendant and co-defendant Dong[6] waited together in cells at the courthouse for the Marshals Service to bring them to the courtroom for an appearance before this court, Chen allegedly told Dong "not to tell anyone that the telephone number from which the threatening call was made belonged to him." (Id. at 2.) The government argues that this other acts evidence is admissible as proof of the defendant's "identity as the caller who made the threat" and of his "intent, knowledge and absence of mistake." (Id. at 3.) Further, the government argues that the evidence is probative of "the existence of 'a common scheme or plan' – it demonstrates that [Chen and Dong] were co-conspirators in the extortion plot." (Id.)

Federal Rule of Evidence 404(b) governs the admissibility of other crimes, wrongs, and acts evidence:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

---

[6] Shi Xing Dong is a charged co-conspirator. (See Ind't.) Dong pleaded guilty to Count One of the two-count Superseding Indictment. (See ECF Minute Entry dated 1/19/2011.)

5

Fed. R. Evid. 404(b). The rule provides no explicit temporal limitation regarding the relationship of the "other crimes, wrongs or acts" to the offenses charged. See id. Thus, other acts occurring after the offense charged are not excluded from the scope of Rule 404(b). The Second Circuit has "adopted an inclusionary approach to evaluating Rule 404(b) evidence." United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003); see also United States v. Garcia, 291 F.3d 127, 136 (2d Cir. 2002) ("The Second Circuit evaluates Rule 404(b) evidence under an inclusionary approach . . . ." (internal quotation marks and citation omitted)). Under this inclusionary approach, "uncharged bad acts may be admitted into evidence for any relevant purpose other than propensity, provided that the probative value of the evidence outweighs the danger of unfair prejudice." United States v. Graziano, 391 F. App'x 965, 966 (2d Cir. 2010); see also Edwards, 342 F.3d at 176 (stating that the inclusionary approach "allows evidence to be received at trial for any purpose other than to attempt to demonstrate the defendant's 'criminal propensity.'" (quoting Garcia, 291 F.3d at 136)); Garcia, 291 F.3d at 136 (noting that "[c]ourts may admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the defendant's character, and if the probative value of the evidence is not substantially outweighed

by the risk of unfair prejudice" (internal quotation marks and citation omitted)).

When evaluating a district court's decision to admit Rule 404(b) evidence, the Court of Appeals considers whether:

> (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction.

Garcia, 291 F.3d at 136; see also Edwards, 342 F.3d at 176 (similar). The court evaluates the government's request to admit evidence of other acts of the defendant in light of these considerations.

In the instant case, the government seeks to admit the evidence of the prior act of the defendant, not to show his propensity to commit crime, but rather to show identity, intent, knowledge, absence of mistake, and common scheme or plan. (See Mot. at 3.) Rule 404(b) permits introduction of other bad acts evidence for these purposes. See Fed. R. Evid. 404(b); Edwards, 342 F.3d at 177 ("Knowledge, intent and identity are all expressly listed in Rule 404(b) as permissible purposes for offering other acts into proof."); Garcia, 291 F.3d at 137 ("Knowledge and intent are permissible purposes for which courts can admit evidence of prior acts."); United States v. Sanogo, No. 99-1627, 2000 WL 280320, at *1 (2d Cir. 2000) (noting that

"it is proper for a trial court to admit such evidence if it helps to prove the identity of the wrongdoer or the existence of a common scheme or plan"). Therefore, the other acts evidence at issue here is offered by the government for a proper purpose.

Moreover, because defendant Chen entered a plea of not guilty to the extortion conspiracy and attempted extortion charges, which include threats of physical violence, the issues for which the prior acts evidence is offered are disputed. (See Minute Entry dated 1/10/2011.) Further, the court is in receipt of several stipulations of fact by the parties, none of which include a stipulation regarding the ownership of the telephone number from which the threatening call to Mr. Huang was made on July 19, 2010. (See ECF No. 44, Stipulation.)[7] Thus, because the government offers the prior acts evidence as proof of ownership of the referenced telephone and of the extortion conspiracy and attempted extortion, the requirement that the issues be in dispute is satisfied.

"Our inquiry does not end there, however, because the government still must establish the relevance of the evidence to the issue in dispute." Garcia, 291 F.3d at 137; see also Edwards, 342 F.3d at 177 ("[S]ome similarity or tangible

---

[7] Even if the ownership of the telephone number was not in dispute, the analysis set out herein regarding the admissibility of the other acts evidence would not be affected because the extortion conspiracy and attempted extortion are still in dispute, and the evidence of the prior acts of the defendant is relevant to those issues.

8

connection between the acts must be identified, something that makes the prior act relevant to proving the contested fact.") In this case, the government argues that "the defendant attempt[ing] to hide evidence of [his ownership of the telephone number] bears directly on his identity as the caller who made the threat." (Mot. at 3.) Additionally, the government argues that "the defendant specifically t[elling] Shi Xing Dong not to tell anyone that the phone belonged to the defendant demonstrates the existence of 'a common scheme or plan' – it demonstrates that the two were co-conspirators in the extortion plot." (Id.) The government fails to show in its motion how the prior act evidence is relevant to intent, knowledge and absence of mistake. (Id.)

The court finds that the prior acts evidence is relevant to both the identity of the owner of the telephone from which the alleged death threats were made (because Chen admits in the statement to Dong his ownership of the telephone) and to the existence of a common plan or scheme (because the statement suggests shared knowledge between Chen and Dong regarding the ownership of the referenced telephone and its potential significance to the extortion charges). Further, the allegations that the defendant attempted to prevent Dong from testifying that the defendant is the owner of the telephone number from which the July 19, 2010 threatening call to Mr.

Huang was made also serves to demonstrate guilty conscience and knowledge, intent, and absence of mistake. See, e.g., United States v. Martinez, No. S2 92-cr-839, 1993 WL 322768, at *8 (S.D.N.Y. Aug. 19, 1993) (noting that under Rule 404(b), "evidence of failure to appear is admissible to prove guilty conscience and evidence of the narcotics conspiracy is admissible to prove the motive for failing to appear under [Rule 404(b)]"). Moreover, the evidence demonstrates the existence of a relationship between Chen and Dong and shared knowledge of at least some facts relating to the extortion conspiracy. See, e.g., United States v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996) (finding that evidence of prior illicit acts was admissible to show relationship between co-conspirators).

Finally, the court finds that the potential prejudicial effect in introducing the evidence of the prior acts of the defendant does not substantially outweigh its probative value. The evidence is not of prior convictions or prior crimes similar to the crime charged. "[T]he evidence of prior [acts] [does] not involve conduct any more sensational or disturbing than the crimes with which [the defendant was] charged." United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992) (internal quotation marks and citation omitted). Moreover, any prejudicial effect would be cured by an appropriate judicial instruction, "warning the jury not to infer from the evidence of

other [acts] that [Chen is] guilty of the [extortion conspiracy and attempted extortion] charges." Pipola, 83 F.3d at 566.

Consequently, the court finds that evidence of the acts of defendant attempting to dissuade Dong from revealing that the telephone used to make the July 19, 2010 call threatening Mr. Huang's family belonged to Chen is admissible under Rule 404(b).

## **CONCLUSION**

For the reasons set forth above, the government's third motion in limine is granted.

SO ORDERED.

Dated: January 21, 2011
      Brooklyn, New York

                                        _____/s/_____
                                        Hon. Kiyo A. Matsumoto
                                        United States District Judge